11-3174-cv
Williams v. Federal District Court

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand twelve.

**PRESENT:**
> **AMALYA L. KEARSE,**
> **BARRINGTON D. PARKER, JR.,**
> **PETER W. HALL,**
> > *Circuit Judges.*

_____

**Darryl L. Williams,**

> *Plaintiff-Appellant*,

> v.                                                                        **11-3174-cv**

**Federal District Court,**

> *Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Darryl L. Williams, *pro se*, Brooklyn, New York. |
| **FOR DEFENDANT-APPELLEE:** | No appearance. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Darryl Williams, proceeding *pro se*, appeals the district court's judgment *sua sponte* dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court must dismiss an *in forma pauperis* complaint if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* (punctuation omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989) (interpreting 28 U.S.C. § 1915(d), now renumbered as § 1915(e)(2)(B)). We review a § 1915(e) dismissal *de novo*. *See Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001).

Courts should read *pro se* complaints to raise the "strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quotation marks omitted). Even read liberally, however, Williams's claim that patent papers were placed in the vault of a federal courthouse does not state any valid cause of action. His argument that the district court did not consider "all the facts" alleged before dismissing the complaint, therefore, fails. Nor would further factual development have cured the legal defects in his complaint. For that same reason, the district court did not err in denying leave to amend the complaint, which would have been futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

2

We have considered Williams's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk